# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE CEBALLOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0144-CVE-FHM |
| | ) | |
| CITY OF TULSA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's pro se Complaint (Dkt. # 1) alleging "delibrate [sic] concealment of fact" by the Tulsa Police Department. The Court has reviewed the complaint and finds that plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

A district court has the authority to sua sponte dismiss a claim under Rule 12(b)(6) if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged." Andrews v. Heaton, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007); see also McKinney v. State of Oklahoma, Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991). Under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A claim should be dismissed when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See

Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiff alleges that the Tulsa Police Department undertook "deliberate and atrocious theatrical performance to institutionalize me by means of delusions . . . ." Dkt. # 1 at 1, 3. The complaint consists mainly of a conclusory list of six instances between April 2008 and March 2012,

2

in which plaintiff alleges he was refused assistance from various agencies when he attempted to file complaints against "Tulsa's Special Investigation Division." Id. at 3.

Plaintiff has not identified any legal basis for his claims and the Court can not discern a claim from the contents of the complaint. The majority of plaintiff's allegations are so vague and conclusory in nature that they may not be accepted as true when considering whether plaintiff has stated a claim under Rule 12(b)(6). Furthermore, plaintiff's few factual allegations, if true, can not sustain a plausible claim against the City of Tulsa. For these reasons, it is "patently obvious" that plaintiff has not stated a claim against the named defendant and his complaint should be dismissed.

Finally, Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). However, leave need not be granted where amendment would be futile. See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999); Mountain View Pharmacy v. Abbott Lab, 630 F.2d 1383, 1389 (10th Cir. 1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."). Prior to filing this complaint, plaintiff filed five other actions in this court between 2009 and 2010, each of which appears to deal with the same set of circumstances as this case and each of which was dismissed at the pleadings stage.[1] In light of these circumstances, the Court finds that plaintiff cannot make any factual allegations which would allow him to state a claim upon which relief may be granted; any possible amendment to the complaint would be futile.

---

[1] See Ceballos v. Tulsa Drug Enforcement Agency, No. 09-CV-0075-CVE-TLW (filed February 17, 2009); Ceballos v. Drug Enforcement Agency, No. 09-CV-0230-TCK-TLW (filed April 17, 2009); Ceballos v. Loper, No. 09-CV-0587-JHP-TLW (filed September 10, 2009); Ceballos v. O'Connell, No. 09-CV-0607-GKF-PJC (filed September 17, 2009); Ceballos v. Family & Childrens Services, 10-CV-0659-GKF, PJC (filed October 5, 2010).

Accordingly, the Court finds that plaintiff shall not be granted leave to amend the complaint if he so moves.

**IT IS THEREFORE ORDERED** that plaintiff's claim is **dismissed without prejudice** for failure to state a claim under Rule 12(b)(6). This is a final order terminating this action.

**DATED** this 31st day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE